Telephone and Telegraph Co. *v.* Hunt.

TELEPHONE AND TELEGRAPH CO. *v.* HUNT.

(*Jackson.* May 26, 1902.)

VARIANCE. *Does not exist between declaration and evidence, when.*

There is not a fatal variance between the declaration and the evidence offered in support of it, where the declaration avers that plaintiff's injury resulted from the negligence of defendant, a telephone company, in having rotten and defective poles and in permitting its wires to remain down in the streets, in a dangerous condition, for an unreasonable length of time, without stating how the wires came to be down, and the evidence shows that the poles were unsafe and that they were blown down by a storm, and that the wires were left on the streets, in a dangerous condition, for an unreasonable length of time.

---

FROM GIBSON.

---

Appeal in error from Circuit Court of Gibson County. JOHN R. BOND, J.

SPL. HILL for Telephone and Telegraph Co.

G. W. WADE and TAYLOR & BIGGS for Hunt.

WILKES, J. This is an action against the telephone and telegraph company for damage for personal injuries caused by coming in contact with the wires of the company on one of the streets of

Trenton, Tennessee.    There was a trial before the Court and a jury, and verdict and judgment for $500, and the company has appealed and assigned errors.

The error assigned is that there is a complete variance between the declaration and the proof as to the acts of negligence of the company, which caused the injury.   It is insisted that the declaration charges that th  wires were down in the streets because of the   fective and rotten condition of the poles, while the proof shows that the wires were down because of a storm which had blown down the poles and detached the wires and thrown trees and obstructions across them, and hence there is no evidence to support the verdict.    This is substantially the only error complained of.

The declaration contains four counts, virtually the same in many particulars, but differing somewhat in each case.    The gravaman of the charge in the declaration is the rotten and unsafe condition of the poles anα fastenings, and nothing is said in either of the counts about a storm causing the falling of the wires.    But there is in the declaration, especially in the third and fourth counts, very specific charges that the company allowed its wires to remain down in the streets, in a dangerous condition, for an unreasonable length of time and with knowledge of this danger.

There is some evidence of defects and unsafe poles along the streets and near the place of this injury, and, if the declaration should be strictly confined to

Telephone and Telegraph Co. *v.* Hunt.

damage resulting from the use of defective and unsafe poles as the reason for the falling of the wires, there is evidence enough in the record, under the rule, to support the verdict and judgment. But we are of opinion that the declaration, especially in the third and fourth counts, sets out two causes of action, or two features of negligence—one the use of defective poles, and the other the allowing wires to remain down in the streets an unreasonable length of time, and the two grounds of negligence may be considered as separately alleged. That is, the allegation charging that the wires were down an unreasonable length of time, can, under the wording of the declaration, be considered as the act of negligence for which damages are sought, irrespective of the reasons which caused the wires to be down, and upon this feature of the case there is ample evidence to sustain the finding of the jury and judgment of the Court.

We are of opinion, therefore, that there is not a fatal variance between the declaration and proof, and there is ample evidence to sustain the verdict and judgment, and it is affirmed, with costs.